**STAR–KIST FOODS, INC.**

v.

**S/S ANCHORAGE, et al.**

**Civ. A. No. H–81–2057.**

United States District Court,
S.D. Texas,
Houston Division.

April 8, 1983.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy (Frederick M. Boss), Houston, Tex., for plaintiff.

Eastham, Watson, Dale & Forney (Joseph Newton), H. Ron White & Associates (H. Ron White), Dallas, Tex., John F. Horvath, Chicago, Ill. and Richard M. Law, Houston, Tex., for defendants.

### MEMORANDUM AND ORDER

STERLING, District Judge.

Pending before the Court are the motions of all Defendants to dismiss pursuant to Rule 37, Fed.R.Civ.P. The Court finds that Plaintiff has continually refused to acknowledge the authority of the judiciary, declined to meet discovery obligations, and acted in prejudice of the rights of the other parties it brought into this litigation. Accordingly, the case will be dismissed.

The significant chronology follows:

1. On December 3, 1981, Plaintiff was served with interrogatories to which it did not respond.

2. On July 20, 1982, Defendant Alford moved for an order compelling a response to its interrogatories. Plaintiff did not answer the interrogatories or respond to the motion requesting the same.

3. On September 28, 1982, Plaintiff was ordered to answer within fifteen days. It failed to answer.

4. On December 7, 1982, Defendant moved for sanctions.

5. December 10, 1982, marked the date of Plaintiff's only response. The answers submitted did not comply with Rule 33, Fed.R.Civ.P. They were incomplete, unsworn and reflected a lack of faithful effort to "furnish such information as is available to the [Plaintiff] party."

6. On December 29, 1982, Defendant, accordingly, moved for sanctions. Plaintiff did not respond.

7. On February 8, 1983, Plaintiff was ordered to pay $250.00 in attorney's fees to

reimburse opposing counsel and was further ordered to "file [within five days] complete and verified answers complying with Rule 33, Fed.R.Civ.P." Plaintiff did not respond.

8. On February 23, 1983, Defendant moved for dismissal for failure of Plaintiff to respond to the Court's prior Order.

9. On March 1, 1983, after at least sixty days notice, the case was called for trial. Plaintiff still had not answered properly and the Court on that date orally ordered compliance with its earlier Order. Plaintiff's failure to participate in discovery necessitated continuance of the case at that time.

10. On March 8, 1983, the Court filed another written Order requiring Plaintiff's compliance with the Court's Order of February 8, 1983. Plaintiff was notified that should it fail to comply by March 15, 1983, that the cause would be dismissed.

11. All of the foregoing apparently had no effect. On April 4, 1983, when the case was again called for trial after notice, Plaintiff had not complied with the Orders of the Court which all concerned the interrogatories filed in this cause on December 3, 1981. Consequently, the case was dismissed.

Plaintiff's conduct in this matter is contumacious. It evidences willful, flagrant bad faith and callous disregard for the responsibilities of a litigant. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Securities and Exchange Commission v. First Financial Group,* 659 F.2d 660 (5th Cir.1981). Attorney for Plaintiff stated on April 4, 1983, in open court that he was unable to secure sworn answers from any company representative. That is simply another way of stating that the client itself is directly responsible for the conduct displayed in this matter. Plaintiff's attorney has given no acceptable explanation at any time for the improprieties that have occurred. *See In re Liquid Carbonic Truck Drivers,* 580 F.2d 819 (5th Cir.1978) *cert. denied,* 441 U.S. 945, 99 S.Ct. 2165, 60 L.Ed.2d 1047 (1979).

The failure of Plaintiff to comply with the issued Orders has prejudiced the other parties involved in this litigation. Litigants are entitled to all information, with certain exceptions irrelevant here, which "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P. Trial by surprise and ambush has been renounced. The failure of Plaintiff to supply a sworn answer to Interrogatory 6 has prejudiced Defendants' ability to determine the condition and value of the goods involved in this suit. The failure to answer or investigate Interrogatory 8 has prejudiced Defendants' ability to fix the value of the goods and learn the identity of Plaintiff's agents who normally dispose of property of this type. The failure to answer Interrogatory 10 also prejudiced Defendants' ability to determine the value of the goods and to learn of any and all conditions surrounding its loss. The complete lack of sworn answers based on substantial knowledge rather than possible argumentive position raises a question whether the goods named in the complaint may have been misdelivered, confused or misidentified with other goods, thus potentially clearing Defendants of all liability.

Because of the egregious conduct exhibited in this case and the fact that Defendants have been prevented from gaining knowledge which might have completely absolved them, lesser sanctions are inappropriate. Clearly, lesser sanctions and warnings have been ineffective to date.

It is, therefore,

ORDERED that this case is DISMISSED and it is further ORDERED that Defendants shall recover from Star-Kist Foods, Inc. their costs of action.